## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RAY BAKER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1107** (BOR Appeal No. 2050410)
                    (Claim No. 2002058630)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WAR EAGLE ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ray Baker, by Jerome J. McFadden, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 20, 2015, in which the Board affirmed a March 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 29, 2014, decision denying a request to reopen the claim for further permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Baker, a coal miner for War Eagle Energy, Inc., injured his head and neck while working in the mines on January 23, 2002. On July 3, 2002, the claims administrator held the claim compensable for dislocation of a thoracic vertebra, dislocation of multiple cervical vertebra, cervicalgia, thoracic sprain, degeneration of the cervical intervertebral disc, and a sprain of the neck. Then on July 16, 2002, the claims administrator acknowledged a request for a referral to determine any permanent partial disability resulting from the injury.

On February 25, 2003, Mr. Baker's independent medical evaluation report from George Orphanos, M.D., was completed. Dr. Orphanos found 6% impairment according to Table 75 Category II-C of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Orphanos found 6% impairment for range of motion deficits. He combined the Table 75 impairment with the range of motion impairment for a total of 12% whole person impairment. The claims administrator granted Mr. Baker a 12% permanent partial disability award on March 27, 2003.

On September 26, 2014, Mr. Baker's counsel submitted a letter addressed to the claims administrator which stated that Mr. Baker would be willing to enter into a full and final settlement for $30,000.00. Mr. Baker's counsel requested a permanent partial disability evaluation and further award. The claims administrator denied the request to reopen the claim for further permanent partial disability benefits on September 29, 2014. Mr. Baker's counsel responded by arguing in another letter dated January 6, 2015, that the permanent partial disability reopening request submitted on September 26, 2014, should not be considered untimely filed because Dr. Orphanos's independent medical evaluation did not examine or rate his thoracic spine when it should have. As a result, Mr. Baker's counsel argued that the September 5, 2002, closure was improper and also did not give the proper notice of a right to a permanent partial disability evaluation.

The Office of Judges noted that the claims administrator granted Mr. Baker a 12% permanent partial disability award on March 27, 2003. The Office of Judges found that pursuant to West Virginia Code §23-4-16(a)(2) (2005), in any claim in which an award of permanent impairment has been made, reopening requests must be filed within five years of the date of the initial award. Accordingly, the Office of Judges determined that a request to reopen the claim for permanent partial disability benefits must have been filed by March 27, 2008. Because Mr. Baker's request to reopen the claim for permanent partial disability benefits dated September 26, 2014, was well outside of the deadline, the Office of Judges determined it was proper for the claims administrator to deny the request. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. After review, we agree with the consistent decisions of the Office of Judges and Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II